# *United States Court of Appeals*
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

December 22, 2022

Mr. Neeraj Jindal
4608 Foxglove Court
Flower Mound, TX 75022

    No. 22-40829   USA v. Jindal
                         USDC No. 4:20-CR-358-1

Dear Mr. Jindal,

We have docketed the appeal as shown above, and ask you to use the case number above in future inquiries.

Filings in this court are governed strictly by the Federal Rules of **Appellate** Procedure. We cannot accept motions submitted under the Federal Rules of **Civil** Procedure. We can address only those documents the court directs you to file, or proper motions filed in support of the appeal. See FED. R. APP. P. and 5TH CIR. R. 27 for guidance. We will not acknowledge or act upon documents not authorized by these rules.

All counsel who desire to appear in this case must electronically file a "Form for Appearance of Counsel" naming all parties represented within 14 days from this date, see FED. R. APP. P. 12(b) and 5TH CIR. R. 12. This form is available on our website www.ca5.uscourts.gov. Failure to electronically file this form will result in removing your name from our docket. Pro se parties are not required to file appearance forms.

You have filed your notice of appeal as pro se. Before your appeal can proceed you must take one of the following actions: **(1)** retain an appellate attorney; **(2)** file a motion for appointment of counsel, and complete and return the enclosed CJA 23 financial affidavit with your motion; or **(3)** clearly and unequivocally express your intent to proceed pro se in writing. If it is your intent to proceed pro se, you must also pay a filing fee for your notice of appeal unless the district court has entered an order exempting you from paying the fee under FED. R. APP. P. 24, or file a motion with the district court clerk for leave to proceed in forma pauperis on appeal.

Please advise within 30 days from the date of this letter as to how you wish to proceed on appeal. Failure to comply with this

letter will result in the dismissal of your appeal for failure to prosecute. See **5TH CIR. R.** 42.3.1.2.

In accordance with the Judicial Conference Schedule of Fees following 28 U.S.C. § 1913, we must charge $.50 per page for all copies requested, including copies of this Court's opinions. Requests for copies will not be processed until payment is received, therefore, payment must be made in advance. Prior to remittance of any funds you must write or call ahead to obtain the appropriate costs. The Fifth Circuit accepts electronic payment of fees through Pay.Gov, the federal government's secure online payment system. Other acceptable forms of payment include check, travelers check or money order made payable to Clerk, U.S. Courts. Complete fee information can be found on our website at www.ca5.uscourts.gov/forms-fees/fees/fee-schedule. Counsel may obtain copies via PACER.

ATTENTION ATTORNEYS: Attorneys are required to be a member of the Fifth Circuit Bar and to register for Electronic Case Filing. The "Application and Oath for Admission" form can be printed or downloaded from the Fifth Circuit's website, www.ca5.uscourts.gov. Information on Electronic Case Filing is available at www.ca5.uscourts.gov/cmecf/.

ATTENTION ATTORNEYS: Direct access to the electronic record on appeal (EROA) for pending appeals will be enabled by the U S District Court on a per case basis. Counsel can expect to receive notice once access to the EROA is available. Counsel must be approved for electronic filing and must be listed in the case as attorney of record before access will be authorized. Instructions for accessing and downloading the EROA can be found on our website at http://www.ca5.uscourts.gov/docs/default-source/forms/instructions-for-electronic-record-download-feature-of-cm. Additionally, a link to the instructions will be included in the notice you receive from the district court.

Sealed documents, except for the presentence investigation report in criminal appeals, will not be included in the EROA. Access to sealed documents will continue to be provided by the district court only upon the filing and granting of a motion to view same in this court.

We recommend that you visit the Fifth Circuit's website, www.ca5.uscourts.gov and review material that will assist you during the appeal process. We especially call to your attention the Practitioner's Guide and the 5th Circuit Appeal Flow Chart, located in the Forms, Fees, and Guides tab.

ATTENTION: If you are filing Pro Se (without a lawyer) you can request to receive correspondence from the court and other parties by email and can also request to file pleadings through the court's electronic filing systems. Details explaining how you can request this are available on the Fifth Circuit website at http://www.ca5.uscourts.gov/docs/default-source/forms/pro-se-filer-instructions. This is not available for any pro se serving in confinement.

**Special guidance regarding filing certain documents:**

General Order No. 2021-1, dated January 15, 2021, requires parties to file in paper highly sensitive documents (HSD) that would ordinarily be filed under seal in CM/ECF. This includes documents likely to be of interest to the intelligence service of a foreign government and whose use or disclosure by a hostile foreign government would likely cause significant harm to the United States or its interests. Before uploading any matter as a sealed filing, ensure it has not been designated as HSD by a district court and does not qualify as HSD under General Order No. 2021-1.

A party seeking to designate a document as highly sensitive in the first instance or to change its designation as HSD must do so by motion. Parties are required to contact the Clerk's office for guidance before filing such motions.

**Sealing Documents on Appeal:** Our court has a strong presumption of public access to our court's records, and the court scrutinizes any request by a party to seal pleadings, record excerpts, or other documents on our court docket. Counsel moving to seal matters must explain in particularity the necessity for sealing in our court. Counsel do not satisfy this burden by simply stating that the originating court sealed the matter, as the circumstances that justified sealing in the originating court may have changed or may not apply in an appellate proceeding. It is the obligation of counsel to justify a request to file under seal, just as it is their obligation to notify the court whenever sealing is no longer necessary. An unopposed motion to seal does not obviate a counsel's obligation to justify the motion to seal.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Christina C. Rachal, Deputy Clerk
504-310-7651

cc:
    Ms. Carmen Castillo Mitchell
    Mr. David O'Toole

Provided below is the court's official caption.  Please review the parties listed and advise the court immediately of any discrepancies.  If you are required to file an appearance form, a complete list of the parties should be listed on the form exactly as they are listed on the caption.

---

Case No. 22-40829

---

United States of America,

        Plaintiff - Appellee

v.

Neeraj Jindal,

        Defendant - Appellant